UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BART WAYNE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06-CV-145 CAS |
| | ) |
| SCOTT COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of Bart Wayne Smith (registration no. 31908-044), a federal prisoner at the Cape Girardeau County Jail located in Cape Girardeau, Missouri, for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $8.21. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint and amended complaint, the Court finds that the complaint and amended complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when

funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $41.05, and an average monthly account balance of $13.00. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $8.21, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### The complaint[1]

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the Scott County Jail, Sikeston Police Department, Drew Juden, Christopher Rataj, John Blakely, Det. McMillen, SEMO Drug Task Force, William Bonhert, Dan Segar, Mike Alford, Jay Halcomb, Kevin Glaser, Bernie Card, State of Missouri, and Paul

---

[1] For purposes of this review, the complaint consists of the original complaint [Doc. #1] and the amended complaint [Doc. #4]

3

Boyd.  Briefly, plaintiff alleges that the defendants falsely arrested him and are falsely prosecuting him on state charges of trafficking "crack" cocaine.  Additionally, plaintiff alleges that his $250,000 bond is excessive.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff states (and a review of the Court's records confirms) that plaintiff was subsequently charged with distributing "crack" cocaine in violation of federal law as a result of the actions alleged in the complaint.  See United States v. Smith, 1:05-CR-147 RWS (E.D. Mo.).  Shortly after filing the instant action, plaintiff pleaded guilty to two counts of conspiring to distribute cocaine hydrochloride in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Id.  On February 2, 2007, plaintiff was sentenced to two terms of imprisonment of 70 months to run concurrently.  Id.

A favorable ruling on plaintiff's false arrest claims would necessarily call into question the validity of his federal convictions.  Consequently, plaintiff's § 1983 false arrest claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).  Plaintiff cannot maintain a § 1983 damages for his unlawful arrest and confinement unless and until his convictions are overturned in an appropriate proceeding.  Id. at 486-87.  Because plaintiff's federal conviction has not been overturned, the false arrest claims

4

must be dismissed.

Additionally, defendant Boyd is absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in initiating criminal prosecution and presenting the state case. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1981) (same holding in suit brought under §§ 1983 and 1985); see also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity). Also, the State of Missouri is not a "person" for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 63 (1989).

Plaintiff's excessive bail claim should be dismissed because there is no causal connection between the alleged unconstitutional act (i.e., setting of excessive bail) and the defendants. Put differently, none of the defendants was personally and directly responsible for setting the amount of plaintiff's bail. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $8.21 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint [Doc. #4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint or amended complaint because the complaint and amended complaint are legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this memorandum and order.

*/s/ Charles A. Shaw*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   21st   day of February, 2007.